UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ESTER MILLER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-00513 |
| | § | |
| WAL-MART STORES TEXAS, L.L.C., | § | |
| | § | |
| Defendant. | § | |

# OPINION

The Court now considers Wal-Mart Stores Texas, L.L.C.'s ("Defendant") motion for summary judgment.[1] After duly considering the record and authorities, the Court **GRANTS** the motion.

## I. BACKGROUND

This is a slip and fall case. Ester Miller ("Plaintiff") allegedly slipped on a brochure, fell to the ground, and injured herself on Defendant's premises in Weslaco, Texas.[2] Plaintiff sued Defendant in state court on July 28, 2016,[3] alleging negligence[4] in the form of premises liability.[5] Defendant subsequently removed the case to federal court,[6] and eventually filed a motion for summary judgment,[7] to which Plaintiff never responded.[8] The Court now turns to its analysis of the motion for summary judgment.

---

[1] Dkt. No. 14.
[2] Dkt. No. 1-1 p. 2.
[3] *Id.* p. 1.
[4] *Id.* p. 3.
[5] *Id.* p. 2.
[6] Dkt. No. 1.
[7] Dkt. No. 14.
[8] *See* LR 7.2–7.4 of the Local Rules of the United States District Court for the Southern District of Texas.

## II. SUMMARY JUDGEMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A fact is 'material' if its resolution could affect the outcome of the action,"[10] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[11] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[12]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[13] The movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[14] If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[15] In conducting its analysis, the Court considers evidence from the entire record and views that evidence in the light most favorable to the non-movant.[16]

## III. ANALYSIS

Plaintiff's only claim is premises liability, a form of negligence. To recover damages in a slip and fall case, the *plaintiff* must prove the following:

(1) Actual or constructive knowledge of some condition on the premises by the owner/operator;

(2) That the condition posed an unreasonable risk of harm;

---

[9] FED. R. CIV. P. 56(a).
[10] *Burrell v. Dr. Pepper/Seven UP Bottling Grp.*, Inc., 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[11] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[13] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[14] *See id.* at 323–25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995).
[15] *See Celotex Corp.*, 477 U.S. at 323.
[16] *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000) (citations omitted).

(3) That the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner/operator's failure to use such care proximately caused the plaintiff's injuries.[17]

Defendant argues that summary judgment in its favor is appropriate because Plaintiff has no evidence to support the first essential element of premises liability—actual or constructive knowledge of the alleged dangerous condition.[18] Defendant presents summary judgment evidence to support its position. Because Plaintiff has the burden at trial to prove that Defendant had actual or constructive knowledge of the alleged dangerous condition, Defendant's mere pointing to a lack of evidence on this point is sufficient to shift the burden of proof to Plaintiff. Plaintiff has not responded to the instant motion, and thus has not presented any additional evidence to carry her burden. Additionally, none of Defendant's proffered evidence suggests that Defendant knew or should have known about the presence of a brochure on the ground.[19] Consequently, there is no genuine issue concerning the first essential element of Plaintiff's premised liability claim, and Defendant is entitled to judgment as a matter of law.

---

[17] *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).
[18] *See* Dkt. No. 14 pp. 5–6.
[19] The Court notes that Defendant presented Plaintiff's entire deposition rather than relevant excerpts. The wise course would be to present only what is necessary to dispose of the issue rather than wasting the Court's time with the entire deposition. Additionally, the video should be presented in a format that the Court can review. Such was not the case here.

## IV. HOLDING

Defendant's motion is **GRANTED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 17th day of April, 2017.

Micaela Alvarez  
United States District Judge